Willmore F. Holbrow, III (SB# 169688)
bill_holbrow@bstz.com
James W. Ahn (SB#243335)
james_ahn@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel:  (310) 207-3800
Fax:  (310) 820-5988

Attorneys for Plaintiff CREATIVE STONE MFG., INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CREATIVE STONE MFG., INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>GENSTONE ENTERPRISES, LLC, a Colorado limited liability company,<br><br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for preliminary and permanent injunctive relief and for damages arising from Defendant, GENSTONE ENTERPRISES, LLC, a Colorado limited liability company (hereinafter "Defendant") infringement of Plaintiff's trademarks, Defendant's violation of 15 U.S.C. §§1114 and 1125(a), for trademark infringement, false designation of origin, and unfair competition under the common law and the laws of the State of California, and for relief in equity.

1

2.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.

3.     Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business at 11191 Calabash Street, Fontana, California 92337.

4.     Plaintiff is informed and believes that at all times material hereto, Defendant GENSTONE ENTERPRISES, LLC, a Colorado limited liability company, with its principal place of business located at 10639 Bradford Rd #100, Littleton, Colorado 80127.

5.     This Court has general personal jurisdiction over Defendant, as Defendant does business in this judicial district, Defendant's conduct directly effects Plaintiff which resides in this judicial district, Defendant's direct marketing and advertising in California, and this Court has long arm jurisdiction over Defendant pursuant to California Civil Procedure §410.10 et seq.

6.     Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this District and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7.     Plaintiff, doing business as Coronado Stone Company, is a well-known manufacturer of pre-cast stone veneer products, thin brick, floor tile and architectural accessories, in this District and various other districts and is known in the marketplace as "Coronado Stone."

8.     In light of its longstanding use of CORONADO STONE PRODUCTS as a trade name and trademark ("CORONADO STONE"), since at least as early as 1959, on a wide array of products, it has created a significant amount of goodwill and consumer recognition in the CORONADO STONE mark.

2

9.     Plaintiff is the owner of U.S. Trademark Registration No. 1,090,340 registered on May 2, 1978, for the mark CORONADO for use on pre-cast building stone and tile; Trademark Registration No. 1,908,480 registered on August 1, 1995 for the mark CORONADO (and Conquistador design) for pre-cast stone, brick and tile for interior walls and floors and exterior walls, patios, poolside and driveways; and U.S. Trademark Registration No. 2,010,078 registered on October 22, 1996 for the mark CORONADO PRODUCTS Logo for pre-cast stone, brick and tile for interior walls and floors and exterior walls, patios, poolside and driveways. (Collectively referred to as the "CORONADO Mark").

10.     The above registrations are incontestable pursuant to 15 U.S.C. §1065.

11.     At least as early as 1959, Plaintiff began manufacturing and marketing a distinctive variety of manufactured stone veneer, thin brick, tile and precast products ("CORONADO Products").  Plaintiff has been the leading innovator in the manufactured stone industry for over fifty years.

12.     CORONADO Products have a unique and distinctive pattern and design, which the purchasing public has come to recognize and associate with Coronado and therefore possess secondary meaning.  The design of the CORONADO Products is non-functional and is indicative of the high quality products offered by Coronado.

13. Defendant is marketing and selling a knock off of the CORONADO Products and calling it "Coronado Stacked Stone." The knock off is being sold at various retail stores. (See Exhibit A.) Defendant markets its goods through the same or similar channels as Plaintiff markets its goods.

14.     Defendant's goods, which are sold under the CORONADO Mark, are such that prospective purchasers or consumers of the goods of Defendant and the goods of Plaintiff, are likely to be confused as to source.

15.     Defendant's use in commerce of the CORONADO Mark is causing and is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin and source of the products.

16.     Plaintiff is informed and believes that Defendant deliberately misappropriated Plaintiff's CORONADO Mark and created products confusingly similar to CORONADO Products, in order to trade upon the good will which Plaintiff has developed in connection therewith, and to lead customers to believe that Plaintiff is the source of such products, which in fact do not originate with Plaintiff and are not sponsored by, or affiliated with Plaintiff.  Defendant intentionally and knowingly misappropriated Plaintiff's CORONADO Mark with oppression, fraud and malice.

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT**

17.     Plaintiff realleges and incorporates herein by reference paragraphs 1 to 16 above.

18.     Defendant's unauthorized use of the CORONADO Mark constitutes trademark infringement under 15 U.S.C. §1114.

19.     Defendant's wrongful use in commerce of the CORONADO Mark is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendant's products and services and (ii) to deceive purchasers of such products into believing that Plaintiff controls the quality thereof and endorses the same.

20.     Defendant's acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

21.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill.  Defendant will continue, unless restrained, to use Plaintiff's trademark and will cause irreparable damage to Plaintiff.  Plaintiff has no

adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of trademark infringement.

22.    Plaintiff is further entitled to recover from Defendant, damages sustained by Plaintiff as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of trademark infringement.

23.    Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of trademark infringement.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

24.    Plaintiff realleges and hereby incorporates by reference paragraphs 1 to 23 above.

25.    Defendant's actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

26.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill.  Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's CORONADO Mark, offer to sell and sell products confusingly similar to CORONADO Products, which will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

27.    Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts.  Plaintiff is presently

1  unable to ascertain the full extent of the monetary damages they have suffered by
2  reason of Defendant's acts of false designation of origin.

3        28.    Plaintiff is further entitled to recover from Defendant the gains, profits
4  and advantages Defendant has obtained as a result of its wrongful acts.  Plaintiff is
5  presently unable to ascertain the full extent of the gains, profits and advantages
6  Defendant has realized by reason of its acts of false designation of origin.

7  **THIRD CAUSE OF ACTION**
8  **UNFAIR COMPETITION**

9        29.    Plaintiff hereby incorporates by reference paragraphs 1 to 28 above.

10        30.    Defendant's actions constitute unfair competition under the common
11  law.

12        31.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff
13  has suffered and continues to suffer lost profits and damages to its business
14  reputation and goodwill.  Defendant will continue, unless restrained, to use
15  Plaintiff's CORONADO Mark, offer to sell and sell products confusingly similar to
16  CORONADO Products and will cause irreparable damage to Plaintiff.  Plaintiff has
17  no adequate remedy at law.  Plaintiff is entitled to an injunction restraining
18  Defendant, its officers, agents and employees, and all persons acting in concert with
19  them from engaging in further acts of unfair competition.

20        32.    Plaintiff is further entitled to recover from Defendant damages
21  sustained by Plaintiff as a result of Defendant's wrongful acts.  Plaintiff is presently
22  unable to ascertain the full extent of the monetary damages it has suffered by reason
23  of Defendant's acts of unfair competition.

24        33.    Plaintiff is further entitled to recover from Defendant the gains, profits
25  and advantages Defendant has obtained as a result of its wrongful acts.  Plaintiff is
26  presently unable to ascertain the full extent of the gains, profits and advantages
27  Defendant has realized by reason of its acts of unfair competition.

28

34.     Defendant has engaged in such misconduct with a conscious, deliberate, intentional and/or reckless disregard of the rights of Plaintiff and the public; Plaintiff is therefore entitled to punitive damages to deter Defendant and others from again engaging in such misconduct in an amount to be established at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1.     Finding that Defendant has violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, has infringed Plaintiff's CORONADO Mark, has unfairly competed with Plaintiff by falsely designating the origin of its products and has engaged in other acts of unfair competition;

2.     Ordering that Defendant and their officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

a.     Offering for sale, soliciting sales, or selling any products under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to Plaintiff's CORONADO Mark, including without limitation CORONADO and CORONADO STONE;

b.     Offering for sale, soliciting sales, or selling any stone veneer products which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's products or services originate from Plaintiff, or that Defendant or its agents are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's CORONADO Mark;

c.     Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair

methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's trademark or the goodwill associated therewith;

      d.    Infringing upon the CORONADO Mark and/or CORONADO Products;

      e.    Unfairly competing with Plaintiff in any manner whatsoever;

3.    Ordering that Plaintiff is the exclusive owner of the CORONADO Mark, and that such related registrations are valid and enforceable;

4.    Ordering that Defendant deliver to Plaintiff for destruction all signs, products, advertisements, literature, and any other promotional material, which feature CORONADO or any other trademarks confusingly similar to Plaintiff's marks.

5.    Ordering that Defendant account to Plaintiff for, and disgorge, all profits Defendant has derived by reason of the wrongful acts described above.

6.    Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein, and an accounting of Defendant's profits as a result of Defendant's aforesaid acts of infringement in violation of Plaintiff's rights under the Lanham Act;

7.    Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117 and punitive damages in an amount to be established at trial;

8.    Ordering that Defendant pay Plaintiff reasonable attorney's fees, prejudgment interest, and costs of this action under 15 U.S.C. §1117, and other and further legal and equitable relief as is just and proper.

9.    Ordering that Defendant be directed under 15 U.S.C. §1116 to file with the Court and serve upon Plaintiff within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10.    Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees and other and further relief as is just and proper.

Dated:  May 19, 2016

/s/ Willmore F. Holbrow, III
Willmore F. Holbrow, III
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims triable by jury.


Dated:  May 19, 2016


/s/ Willmore F. Holbrow, III
Willmore F. Holbrow, III
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff

10